**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYNETTE H. McALISTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 10-4932 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

    Lynette H. McAlister ("McAlister") filed this action on July 9, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on July 27 and August 9, 2010. (Dkt. Nos. 8-9.) On May 2, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the court affirms the decision of the Commissioner.

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

On February 29, 2008, McAlister filed an application for supplemental security income. On April 15, 2008, she filed an application for disability insurance benefits. McAlister alleged a disability onset date of August 28, 2007. Administrative Record ("AR") 12. The applications were denied initially and upon reconsideration. *Id.* McAlister requested a hearing before an Administrative Law Judge ("ALJ"). On January 6, 2010, the ALJ conducted a hearing at which McAlister and a vocational expert testified. AR 12, 27-46. On January 22, 2010, the ALJ issued a decision denying benefits. AR 12-17. On May 5, 2010, the Appeals Council denied the request for review. AR 1-4. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that McAlister met the insured status requirements through December 31, 2012. AR 12, 14.

McAlister has the following severe impairments: Type II diabetes mellitus, mild degenerative disc disease of the lumbar spine and degenerative osteoarthritis of the right shoulder. AR 14. Through the date last insured, the ALJ found McAlister had the residual functional capacity ("RFC") to perform light work "with occasional climbing, balancing, stooping, kneeling, crouching, and crawling." AR 15.

McAlister was unable to perform her past relevant work. AR 16. However, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform" such as cafeteria attendant, information clerk, routing clerk, telephone information clerk, charge account clerk, and addressing clerk. AR 16-17.

## C. Residual Functional Capacity

McAlister contends the ALJ's RFC assessment was improper because he failed to perform a function-by-function analysis as required by Social Security Ruling ("SSR") 96-8p.

///

The RFC assessment must contain "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. The ALJ must also explain how he or she resolved material inconsistencies or ambiguities in the record. *Id.*

The ALJ summarized the entire medical record. AR 14-15. He cited and considered the medical evidence identified by McAlister. AR 15 (x-rays dated 2/27/08; x-rays dated 7/22/08; MRI dated 10/03/08), 186, 265, 288-90, 293. The ALJ discussed the opinion of the examining physician, Dr. Sedgh, who performed an internal medicine examination of McAlister on July 30, 2008. AR 214. He reviewed x-rays dated July 30, 2008 of her cervical spine, lumbar spine, right shoulder and left knee. AR 218-22. He noted that McAlister reported a history of rheumatoid arthritis which caused constant pain and stiffness in the joints of her right knee, feet, shoulders, hands, left wrist and neck which lasted all day. AR 214. She also reported a history of recently diagnosed diabetes which caused frequent urination, thirstiness and numbness of the hands and hypertension. *Id.* On examination, he found most of her systems within normal limits with the exception of limited range of motion of the cervical spine, lumbar spine, shoulders and knees. AR 216-17. The x-rays showed mild to moderate degenerative disc disease of the mid- and lower cervical spine, mild degenerative disc disease of the lumbar spine, degenerative osteoarthritis of the right AC shoulder joint, and a normal right knee. AR 218.

Dr. Sedgh opined McAlister could lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk for 6 hours in an 8-hour day; and occasionally kneel, crouch and stoop. AR 218. The ALJ also considered the August 2008 opinions of state agency physicians Dr. Boetcher and Dr. Sciara, both of whom found McAlister capable of light work with postural limitations. AR

4

15, 226-230, 231-235.[1] The ALJ's reliance on these assessments meets the requirements of SSR 96-8p.[2]

The ALJ gave significant weight to Dr. Sedgh's opinion because his conclusions were "consistent with the objective findings and the evidence of record." AR 15. The ALJ found McAlister had the RFC to perform light work with occasional climbing, balancing, stooping, kneeling, crouching and crawling. *Id.*

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue,* 495 F.3d 625, 632 (9th Cir. 2007). McAlister argues that although Dr. Sedgh conducted his own examination and ordered x-rays, he did not review all of the medical records cited by the ALJ. However, the record does not contain medical opinions that were inconsistent with Dr. Sedgh's opinion or indicated McAlister's impairments caused greater limitations than those assessed. McAlister does not argue that the ALJ was required to call a medical expert to review her medical records. The ALJ did not err.

### D. Credibility

McAlister contends the ALJ improperly failed to provide clear and convincing reasons for rejecting her subjective symptom testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter*

---

[1] The record contains two physical RFC assessments performed by state agency physicians Dr. Boetcher and Dr. Sciara. AR 226-30, 231-35. On August 18, 2008, Dr. Boetcher opined that McAlister could lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk for 6 hours in an 8-hour day; and push and pull without limitation; but was limited to occasional climbing, stooping, kneeling, crouching and crawling; and no balancing. AR 227-28. Three months later, on November 28, 2008, Dr. Sciara reviewed all the evidence and affirmed the assessment of Dr. Boetcher. AR 235.

[2] *See Lind v. Astrue*, 370 Fed. Appx. 814, 817 (9th Cir. 2010). Further, SSR 96-8p does not require a function-by-function analysis for medical conditions that the ALJ found unsupported. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

*v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"  *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'"  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief."  *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted).  "The ALJ must cite the reasons why the claimant's testimony is unpersuasive."  *Id.* (citation and quotation marks omitted).  The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment.  *Thomas*, 278 F.3d at 958-59.

At the hearing, McAlister testified she stopped working in August of 2007 because of pain in her hip, feet, knee and neck.  AR 31.  She had diabetes.  AR 37.  She testified she could not sit or stand for more than one hour in an 8-hour day, could not lift anything and had been spending "all day" laying down or sleeping for the "last year and a half."  AR 35-36, 40.

The ALJ rejected McAlister's subjective symptom testimony because (1) it was inconsistent with her level of treatment; (2) it was inconsistent with evidence

///

6

showing no disuse muscle atrophy; and (3) it was inconsistent with her other statements in the record. AR 16.

The ALJ found that the medical record showed McAlister received only conservative treatment. AR 16. She did not receive physical therapy or treatment from a pain clinic. AR 16. Evidence of minimal and conservative treatment is a clear and convincing reason for rejecting a claimant's subjective complaints. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) ("evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment") (citation and quotation marks omitted); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (subjective symptom testimony properly discredited where claimant received only "minimal, conservative treatment").

The ALJ properly found that McAlister's testimony that she spent all day lying down or sleeping for the last one and a half years was inconsistent with the lack of evidence of disuse muscle atrophy. AR 16. *See Meanel*, 172 F.3d at 1114 (lack of muscular atrophy inconsistent with testimony that claimant required to lie in fetal position all day). McAlister's testimony was also inconsistent with the statements in her May 15, 2008 Exertion Questionnaire indicating she sometimes cooked, washed dishes and cleaned her house. AR 16, 129-30. *Thomas*, 278 F.3d at 958-59 (ALJ may consider inconsistencies in claimant's statements).

The ALJ provided clear and convincing reasons for rejecting McAlister's subjective symptom testimony.

///
///
///
///
///

7

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: August 26, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

8